SCHOOL DISTRICT NO. 23 OF SIBLEY COUNTY v.
TOWNSHIP OF FAXON, SIBLEY COUNTY,
AND OTHERS.[1]

June 20, 1924.

No. 23,975.

**Town board cannot vacate state road.**
    A road established under a special act of the legislature cannot be vacated by a town board.

Action in the district court for Sibley county to restrain defendant from obstructing a certain highway. The case was tried before

[1]Reported in 199 N. W. 434.

Tifft, J., who made findings and granted a perpetual injunction. From the judgment entered pursuant to the order for judgment, defendants appealed. Affirmed.

P. W. *Morrison, George A.* and *C. H. MacKenzie,* for appellants.

F. *C. & H. A. Irwin,* for respondent.

STONE, J.

Appeal by defendants from a judgment enjoining the obstruction of a highway.

The road in question was established, so it was decided below, pursuant to chapter 208, p. 338, Sp. Laws 1879, entitled:

"An Act to authorize and provide for the construction of a free bridge across the Minnesota River at the borough of Belle Plaine, County of Scott, State of Minnesota and to lay out suitable roads and approaches thereto."

Pursuant to that act, the Belle Plaine bridge across the Minnesota river was constructed and, whether the portion of the road was established pursuant to that law or not, it has been a regularly used highway ever since the very early 80's. That is, it has been used as a road practically ever since the opening of the bridge. This suit arises from the effort of the supervisors of Faxon township to vacate a portion of the road in question, there being in their judgment another highway over which the travel accommodated by the old road could be better taken care of. To that attempt the defendant school district objected, successfully in the court below, upon the ground that its schoolhouse would be cut off from access to any public highway, and thereby great inconvenience caused its pupils.

The act of 1879 provided for a commission of five members and empowered them, or a majority of them, not only to select a site for a bridge but also, with the assistance of a competent engineer, "to view, locate and establish, at some convenient point or on some public street within the limits of said Borough [of Belle Plaine], a public road or highway to said bridge and over the same, and thence to and into the county of Sibley to some point of intersection

with the Henderson and Carver road." The commission was given power to award damages to the owners of lands through which the new highway passed, and directed to file its report together with a plat of the road in the office of the register of deeds. Such report, the law provided, would be "conclusive evidence of the establishment of such highway."

Detailed restatement of the evidence is not called for. The report of the commission, together with its plat, was in evidence. There was proof that the road was in due course opened to public travel as it was surveyed by the commission. At points the evidence is not very clear or satisfactory perhaps, but there is no reason for disturbing the findings of fact. There is evidence for plaintiff that the road provided for by the act, connecting the north end of the Belle Plaine bridge with the Henderson and Carver road, was actually laid out, opened and has since been used as a public highway. A civil engineer, testifying for defendants, said that the old road does not now vary materially from the course shown on the original plat and adopted by the commission.

Of course, it has never been graded or used to the width of 80 feet provided for by the law. That is a mere detail of circumstance and in nowise militates against the conclusion that the road was actually established, as provided for.

The circumstance that the commissioners' report was made to the district court and that there is no proof of its confirmation is immaterial because the special law, as already indicated, made the report itself conclusive evidence of the establishment of the highway. It did not make the accomplishment of its purpose conditional upon approval by any court.

Established as it was by state authority, the use of the road by the public cannot be interferred with nor any portion of it vacated by authority of the township. Town boards have power to vacate town roads and no others. Section 2530, G. S. 1913. This is not a town road.

Order affirmed.